UNITED STATES of America

v.

Ronald E. HUNT.

Misc. No. 74-2.

United States District Court,
S. D. Illinois, S. D.

Feb. 4, 1974.

---

Donald B. Mackay, U. S. Atty., Springfield, Ill., for Government.

Robert E. Gillespie, Springfield, Ill., for defendant.

## ORDER

HARLINGTON WOOD, Jr., District Judge.

This cause coming on to be heard on February 1, 1974, upon Defendant's Motion to Dismiss under the provisions of Rule 48(b) of the Federal Rules of Criminal Procedure and the Court having heard the arguments of counsel, no evidence having been introduced, and having examined the records of this cause finds:

That the Defendant was arrested on October 25, 1973, upon a complaint alleging a violation of Section 2113(a), (b), (d) of Title 18, United States Code, and bond was fixed at $10,000, cash or surety.

That the Defendant qualified as an indigent and counsel was appointed by the Magistrate.

That a preliminary hearing was held on November 5, 1973.

That shortly thereafter the Defendant by his counsel offered to waive indictment and proceed to trial upon information. The Government declined.

That the Defendant from and after his arrest remained and still is in custody, a period now in excess of 100 days.

That the Grand Jury has received some evidence and considered the matter, but has taken no action to indict or to return a No Bill.

That the Government explains that the prosecution has had difficulty with witnesses and its evidence, and is now awaiting a laboratory report on a hair sample submitted within the past few weeks. The results of this test are expected shortly at which time the Government indicates it expects to make a prosecutive determination.

It is on this record that this matter is considered.

■ The Plan to Implement Rule 50(b) of the Federal Rules of Criminal Procedure in effect in this District to "minimize undue delay to further the prompt disposition of criminal cases" does not specifically provide a time limit for that period between arrest and the return of an indictment or the filing of an information. It does, however, provide for arraignment within 15 days after indictment and trial thereafter within 60 days if the Defendant is in custody, as in this case. These time limits which apply after the Grand Jury has heard and considered the Government's evidence and found that probable cause exists to prosecute have indirectly been exceeded. In this case custody is based upon a mere complaint and has resulted in excessive confinement. Although not directly applicable, the spirit and purpose of the Rule 50(b) have been violated.

■ Rule 48(b) of the Federal Rules of Criminal Procedure gives the Court the discretion to dismiss the complaint if there has been unnecessary delay in presenting the charge to the Grand Jury or in filing an information against a Defendant held to answer to the District Court. It permits drastic action, but this power is certainly one to be used sparingly.

The Government explains that the evidence is not what it had been expected to be. Therefore, what in effect has happened is that the Defendant has been held in custody for an extended period of time while the Government struggles to bolster a weak and faltering case against him. Even now, the Defendant cannot even be sure exactly what the charge against him, if any, may finally be.

■ The Government argues that the Defendant has shown no prejudice to himself or to his defense by this delay. Under the circumstances of this case on this record, it is too apparent to require any evidence from this Defendant.

Under these circumstances the burden is on the Government to show the delay was not unnecessary. Haste, by the Government, after the filing and argument of this Motion to Dismiss, to bring this matter to some kind of a prosecutive conclusion does not alleviate the present situation. Even if an indictment were returned in the next 30 days, this same problem of delay would then still have to be met. Likewise, even if the Government should possibly, in the near future, decide to dismiss this complaint, this Court should not further delay this matter. Now that this substantial question has been raised by the Defendant, it deserves prompt attention from the Court. For the Court to now further delay and postpone deciding this matter for the convenience of the Government might well cause such action by the Court to be misconstrued as condoning such delays, which it does not.

■ Nothing was heard in the Government's arguments about its evidence difficulties to justify the past 100 days of confinement for the Defendant. Defendants in custody require priority attention and the Government must diligently proceed or dismiss. All reasonable limits based upon what has been revealed by the Government about its problems and actions during this delay have been exceeded. The Court believes the greater part of this delay could and

should have been avoided. As the Government well knows, it seeks only justice, and time is an important factor of justice.

Had this Defendant been previously admitted to bail, the situation might have been considerably different, but such a suggestion to admit to bail even now at the hearing on the Motion to Dismiss was opposed by the Government. This Court's power to consider bail, once it had been fixed by the Magistrate, was denied by the Government. The fact that the Court is ruling on the Motion to Dismiss and not taking up the matter of bail is not due to the Government's position on the matter of bail.

The situation here may not reach constitutional proportions. "The Speedy Trial Clause protects societal interests, as well as those of the accused."[1] Delay can imperil the fair administration of criminal justice. It is not necessary, however, to determine the constitutional issue as Rule 48(b) is applicable and adequate.

It is not for this Court in deciding this motion to speculate whether this Defendant did or did not participate in the acts set forth in the complaint.

This Court, believing itself to be compelled in the interests of fairness and justice by reason of this unnecessary and extended delay which is "incompatible with the presumption of innocence", hereby allows Defendant's Motion to Dismiss. However, this dismissal is without prejudice. If hereafter, within the Statute of Limitations, the Government believes it then has a prosecutable case against this Defendant that prosecution will not be barred by this Order, though the lingering effect of this past delay may even then again have to be met and determined.

The Complaint is hereby dismissed and the Defendant is forthwith discharged.

[1]. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1969).